**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4528**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IMANI JOVIANNA FRANCO, a/k/a Chula, a/k/a Jo,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:23-cr-00092-D-BM-2)

───────────────

Submitted:  August 21, 2025                    Decided:  August 25, 2025

───────────────

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

───────────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  H. Justin Pace, H. JUSTIN PACE, PLLC, Asheville, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Imani Jovianna Franco pled guilty, pursuant to a written plea agreement, to conspiracy to commit sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1594(c). The district court sentenced her to 144 months' imprisonment. On appeal, Franco's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Franco's plea counsel rendered ineffective assistance. Although notified of her right to do so, Franco has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal as barred by Franco's waiver of the right to appeal included in the plea agreement. We dismiss in part and affirm in part.

An appeal waiver does not prevent us from reviewing the validity of Franco's guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (analyzing validity of Fed. R. Crim. P. 11 hearing despite waiver). Because Franco did not move to withdraw her plea or otherwise object to the plea hearing in the district court, we review the validity of her plea for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (citation modified). "In the Rule 11 context, this inquiry means that [Franco] must demonstrate a reasonable probability that, but for the error, [s]he would not have pleaded guilty." *Sanya*, 774 F.3d at 816 (citation modified).

2

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (citation modified). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (citation modified). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines she understands, the rights she is relinquishing by pleading guilty, the charges to which she is pleading, and the maximum and any mandatory minimum penalties she faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3). Any variance from the requirements of Rule 11 "is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h).

Our review of the record confirms that the magistrate judge fully complied with Rule 11 and ensured that Franco's plea was knowing, voluntary, and supported by an adequate factual basis. We therefore conclude that Franco's guilty plea is valid. Our review further confirms that Franco knowingly, voluntarily, and intelligently waived her right to appeal, such that the appeal waiver is valid and enforceable. *See United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (explaining that "we will enforce [a] waiver"

3

as to any issue within its scope if "the totality of the circumstances" reflect that the defendant entered into the waiver "knowingly and intelligently").

Franco did not waive her right to appeal claims of ineffective assistance of counsel not known to her at the time of her guilty plea. However, "an ineffective assistance claim will be addressed on direct appeal only when an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (citation modified). The record here does not conclusively demonstrate that plea counsel rendered ineffective assistance. Accordingly, Franco's ineffective assistance claims "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* (citation modified).

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for appeal that fall outside the waiver's scope. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm the criminal judgment.

This court requires that counsel inform Franco, in writing, of the right to petition the Supreme Court of the United States for further review. If Franco requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Franco. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4